Frank Christopher VASQUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 0872–95.

Court of Criminal Appeals of Texas,
En Banc.

April 10, 1996.

Shawna L. Reagin, Houston, for appellant.

Alan Curry, Assist. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury convicted appellant of murder and assessed punishment at confinement for sixty years. The Court of Appeals affirmed. *Vasquez v. State*, 902 S.W.2d 627 (Tex.App.—El Paso 1995). We granted review to determine whether a defendant, in order to preserve the issue for appellate review, must obtain an adverse ruling after requesting a special charge.[1] We will reverse and remand.

## I.

At the conclusion of the evidence and prior to the submission of the court's charge to the jury, appellant requested the trial judge instruct the jury that Bryant Martinez was an accomplice as a matter of law. *See*, Tex. Code Crim.Proc.Ann. art. 38.14. That request was denied. Appellant then requested the trial judge instruct the jury to determine if Martinez was an accomplice as a matter of fact. Appellant dictated the proposed charge to the court reporter, whereupon the trial judge took the matter under advisement. The trial judge never ruled on the request and the instruction was not included in the jury charge. *Vasquez*, 902 S.W.2d at 636–37.

On direct appeal, appellant contended the trial judge erred in refusing to submit the

---

1. Specifically, appellant's second ground for review states:

   The Court of Appeals erred by construing Tex. Code Crim.Proc.Ann. art. 36.14, to impose ad-ditional requirements for preservation of jury charge error to those provided in Tex.Code Crim.Proc.Ann. art. 36.15.

requested instruction of the accomplice status of Martinez to the jury. *Id.*, 902 S.W.2d at 636. The Court of Appeals recognized the general rule that in order to preserve a matter for appellate review, the defendant must pursue the matter to its ultimate end by obtaining an adverse ruling or objecting to the trial judge's refusal to rule. *Ibid.* The Court then held appellant's failure to pursue a ruling on the requested charge amounted to an abandonment of the claim. *Ibid.* The Court then, assuming the trial judge erred in failing to include the requested instruction, conducted the egregious harm analysis of *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1984) (op'n on reh'g). The Court found no egregious harm and overruled the point of error. *Vasquez*, 902 S.W.2d at 638.

## II.

### A.

In addressing whether the error was preserved, the Court of Appeals relied wholly on Tex.Code Crim.Proc.Ann. art. 36.14 which in relevant part provides:

... Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided.... Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any

amendment or modification thereof. In no event shall it be necessary for the defendant to except to the action of the court in over-ruling defendant's exceptions or objections to the charge.[2]

The Court of Appeals did not consider Tex.Code Crim.Proc.Ann. art. 36.15 entitled "Requested Special Charges." That statute provides:

Before the court reads his charge to the jury, counsel on both sides shall have a reasonable time to present written instructions and ask that they be given to the jury. The requirement that the instructions be in writing is complied with if the instructions are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury. The court shall give or refuse these charges. The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, *and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.*

Any special requested charge which is granted shall be incorporated in the main charge and shall be treated as a part thereof, and the jury shall not be advised that it is a special requested charge of either party. The judge shall read to the jury only such special charges as he gives.

When the defendant has leveled objections to the charge or has requested instructions or both, and the court thereafter modifies his charge and rewrites the same and in so doing does not respond to objections or requested charges, or any of them, then the objections or requested charges shall not be deemed to have been waived by the party making or requesting the

---

**2.** An exception is defined as

Objection to order or ruling of trial court. A formal objection to the action of the court, during the trial of a cause, in refusing a request or overruling an objection; implying that the party excepting does not acquiesce in the decision of the court, but will seek to procure its reversal, and that he means to save the

benefit of his request or objection in some future proceeding. Under rules practice in the federal and most state courts, the need for claiming an exception to evidence or to a ruling to preserve appellate rights has been eliminated in favor of an objection.

Black's Law Dictionary, 6th ed., 1995, pg. 559.

same, but shall be deemed to continue to have been urged by the party making or requesting the same unless the contrary is shown by the record; *no exception by the defendant to the action of the court shall be necessary or required in order to preserve for review the error claimed in the charge.*[3]

### B.

▮ In order to preserve error relating to the jury charge there must either be an objection or a requested charge. *Boles v. State*, 598 S.W.2d 274, 278 (Tex.Cr.App.1980). We have interpreted articles 36.14 and 36.15 as dealing with those two distinct situations: an *objection* to the charge and a *requested special instruction*, respectively. *Frank v. State*, 688 S.W.2d 863 (Tex.Cr.App.1985). Under art. 36.14 the defendant is required to object and obtain an adverse ruling to preserve any error. However, under art. 36.15, if the defendant requests a special charge no objection is required to preserve error. *Guzman v. State*, 567 S.W.2d 188, 190 (Tex.Cr. App.1978). All that is necessary under art. 36.15 is that the requested charge be in writing or dictated to the court reporter.[4]

In *James v. State*, 772 S.W.2d 84, 112 (Tex.Cr.App.1989) (Op'n on reh'g), the defendant requested a special instruction defining "deliberately" at the punishment phase of his capital trial. The trial judge did not instruct the jury as requested. On appeal the State argued that the error was not preserved. We disagreed, stating: *"Art. 36.15 provides that if a party requests a special instruction which is not incorporated into the charge, no additional objection is required." Ibid.* We held the issue was preserved and we addressed the merits of the point of error.

▮ In the instant case, appellant requested a charge on the accomplice status of Martinez and dictated the proposed charge to the court reporter. Nevertheless, the Court of Appeals required appellant to obtain an adverse ruling from the trial judge to preserve the alleged error. Under art. 36.15 and *James, supra,* appellant preserved the issue for appellate review. The Court of Appeals erred in holding otherwise. Accordingly, the judgment of the Court of Appeals is reversed and the case is remanded to that Court for reconsideration of appellant's eighteenth point of error. Appellant's remaining ground for review is dismissed without prejudice.

▮

---

3. All emphasis is supplied unless otherwise indicated.

4. Art. 36.15 encompasses three situations dealing with requested charges: first, when the trial judge does not include the requested charge; second, when the trial judge does include the requested charge; and, third, when the trial judge learns of the requested charge and then modifies the charge but does not include the requested charge. In the second situation, there is no need to preserve error because the requested charge is given. In the first and third situations, the article clearly specifies that, in order to preserve error, the defendant need do nothing more than call the omission to the trial judge's attention.