TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00729-CR






Kenneth Smith, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 537,624, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING







 Appellant Kenneth Smith was convicted by a jury of the offense of assault. See Tex.
Penal Code Ann. § 22.01(a)(1) (West Supp. 2001). The trial court assessed appellant's punishment
at confinement in county jail for 180 days and a fine of $2,000. The court suspended imposition of
the sentence and placed appellant on community supervision for two years, with confinement for
fifteen days as a condition of community supervision. In his sole point of error, appellant complains
of the court's jury charge. The judgment will be affirmed.

 Appellant asserts: "The trial court erred in refusing appellant's request to charge the
jury on the lesser included offense of Class C assault."

 The statute under which appellant was convicted provides:


§ 22.01 Assault


(a) A person commits an offense if the person:


 (1) intentionally, knowingly, or recklessly causes bodily injury to another,
including the person's spouse;


 (2) intentionally or knowingly threatens another with imminent bodily injury,
including the person's spouse; or 


 (3) intentionally or knowingly causes physical contact with another when the
person knows or should reasonably believe that the other will regard the
contact as offensive or provocative.


(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except . . . .
[exception not applicable to this case]


(c) An offense under Subsection (a)(2) or (3) is a Class C misdemeanor, except
. . . . [exception not applicable to this case]



Id. § 22.01.

 The record reflects appellant's objection as follows:


THE COURT: With regards to the Court's charge, are there any
objections? 


[PROSECUTOR]: Not from the State, Your Honor.


[DEFENSE COUNSEL]: Judge, the defense has an objection in that the Class C
misdemeanor, a simple assault, is a lesser included
offense, is omitted from the jury charge. Other then
that, there are no objections.


THE COURT: Okay. Thank you. Fifteen minutes per side; five-minute and one-minute warning. Okay.


[Open court, defendant and jury present.]


[Charge of the Court was read to the jury.]



 The asserted error was not properly preserved for appellate review.

In order to preserve error relating to the jury charge there must either be an objection
or a requested charge. Boles v. State, 598 S.W.2d 274, 278 (Tex. Cr. App. 1980). 
We have interpreted articles 36.14 and 36.15 as dealing with those two distinct
situations: an objection to the charge and a requested special instruction,
respectively. Frank v. State, 688 S.W.2d 863 (Tex. Cr. App. 1985). Under art.
36.14 the defendant is required to object and obtain an adverse ruling to preserve
any error. However, under art. 36.15, if the defendant requests a special charge no
objection is required to preserve error. Guzman v. State, 567 S.W.2d 188, 190 (Tex.
Cr. App. 1978). All that is necessary under art. 36.15 is that the requested charge
be in writing or dictated to the court reporter.



Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).

 Appellant did not present in writing nor did he dictate for the record the instruction
on the lesser included offense that he wanted the trial court to include in the jury charge; therefore,
appellant did not preserve error in the manner allowed by article 36.15. See Tex. Code Crim. Proc.
Ann. art. 36.15 (West Supp. 2001); Vasquez, 919 S.W.2d at 435.

 Appellant did not present his objection to the charge in writing. See Tex. Code
Crim. Proc. Ann. art. 36.14 (West Supp. 2001). Assuming that appellant's oral objection was
sufficient to comply with the statute requiring dictation of the objection, appellant did not obtain
a ruling from the trial court; therefore, he failed to preserve error for appellate review. See Vasquez,
919 S.W.2d at 435. Moreover, appellant did not distinctly specify his ground of objection. See
Tex. Code Crim. Proc. Ann. art. 36.14; Tex. R. App. P. 33.1(a)(1). Section 22.01 of the Penal Code
provides for two separate Class C misdemeanor offenses. Tex. Penal Code Ann. § 22.01. 
Appellant did not designate which Class C misdemeanor he believed applicable in view of the
evidence. Appellant did not state whether he believed the evidence entitled him to the lesser
included offense instruction under the provisions of section 22.01(a)(2) or of (a)(3). See id.

 In view of the evidence, even if the claimed error had been properly preserved for
appellate review, the trial court did not err in failing to submit to the jury a charge on the lesser
included offense. "A defendant's own testimony that he committed no offense, or testimony which
otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser included
offense." Lofton v. State, No. 85-00, slip op. at 7; 2001 Tex. Crim. App. LEXIS 31, at 8 (Tex.
Crim. App. May 2, 2001). Here, appellant testified he did not assault the alleged victim and offered
the testimony of two witnesses who corroborated appellant's testimony that he did not assault
anyone. Appellant's defense was that no offense occurred. The trial court did not err in failing to
charge the jury on a lesser included offense. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Kidd, Patterson and Dally*

Affirmed

Filed: July 26, 2001

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).



P>

 The record reflects appellant's objection as follows:


THE COURT: With regards to the Court's charge, are there any
objections? 


[PROSECUTOR]: Not from the State, Your Honor.


[DEFENSE COUNSEL]: Judge, the defense has an objection in that the Class C
misdemeanor, a simple assault, is a lesser included
offense, is omitted from the jury charge. Other then
that, there are no objections.


THE COURT: Okay. Thank you. Fifteen minutes per side; five-minute and one-minute warning. Okay.


[Open court, defendant and jury present.]


[Charge of the Court was read to the jury.]



 The asserted error was not properly preserved for appellate review.

In order to preserve error relating to the jury charge there must either be an objection
or a requested charge. Boles v. State, 598 S.W.2d 274, 278 (Tex. Cr. App. 1980). 
We have interpreted articles 36.14 and 36.15 as dealing with those two distinct
situations: an objection to the charge and a requested special instruction,
respectively. Frank v. State, 688 S.W.2d 863 (Tex. Cr. App. 1985). Under art.
36.14 the defendant is required to object and obtain an adverse ruling to preserve
any error. However, under art. 36.15, if the defendant requests a special charge no
objection is required to preserve error. Guzman v. State, 567 S.W.2d 188, 190 (Tex.
Cr. App. 1978). All that is necessary under art. 36.15 is that the requested charge
be in writing or dictated to the court reporter.