# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00729-CR

**Kenneth Smith, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 537,624, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

Appellant Kenneth Smith was convicted by a jury of the offense of assault. *See* Tex. Penal Code Ann. § 22.01(a)(1) (West Supp. 2001). The trial court assessed appellant's punishment at confinement in county jail for 180 days and a fine of $2,000. The court suspended imposition of the sentence and placed appellant on community supervision for two years, with confinement for fifteen days as a condition of community supervision. In his sole point of error, appellant complains of the court's jury charge. The judgment will be affirmed.

Appellant asserts: "The trial court erred in refusing appellant's request to charge the jury on the lesser included offense of Class C assault."

The statute under which appellant was convicted provides:

### § 22.01  Assault

(a)  A person commits an offense if the person:

(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;

(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

(b) An offense under Subsection (a)(1) is a Class A misdemeanor, except . . . . [exception not applicable to this case]

(c) An offense under Subsection (a)(2) or (3) is a Class C misdemeanor, except . . . . [exception not applicable to this case]

*Id.* § 22.01.

The record reflects appellant's objection as follows:

| THE COURT: | With regards to the Court's charge, are there any objections? |
|---|---|
| [PROSECUTOR]: | Not from the State, Your Honor. |
| [DEFENSE COUNSEL]: | Judge, the defense has an objection in that the Class C misdemeanor, a simple assault, is a lesser included offense, is omitted from the jury charge. Other then that, there are no objections. |
| THE COURT: | Okay. Thank you. Fifteen minutes per side; five-minute and one-minute warning. Okay. |

[Open court, defendant and jury present.]

[Charge of the Court was read to the jury.]

The asserted error was not properly preserved for appellate review.

2

In order to preserve error relating to the jury charge there must either be an objection or a requested charge. *Boles v. State*, 598 S.W.2d 274, 278 (Tex. Cr. App. 1980). We have interpreted articles 36.14 and 36.15 as dealing with those two distinct situations: an *objection* to the charge and a *requested special instruction*, respectively. *Frank v. State*, 688 S.W.2d 863 (Tex. Cr. App. 1985). Under art. 36.14 the defendant is required to object and obtain an adverse ruling to preserve any error. However, under art. 36.15, if the defendant requests a special charge no objection is required to preserve error. *Guzman v. State*, 567 S.W.2d 188, 190 (Tex. Cr. App. 1978). All that is necessary under art. 36.15 is that the requested charge be in writing or dictated to the court reporter.

*Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).

Appellant did not present in writing nor did he dictate for the record the instruction on the lesser included offense that he wanted the trial court to include in the jury charge; therefore, appellant did not preserve error in the manner allowed by article 36.15. *See* Tex. Code Crim. Proc. Ann. art. 36.15 (West Supp. 2001); *Vasquez*, 919 S.W.2d at 435.

Appellant did not present his objection to the charge in writing. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 2001). Assuming that appellant's oral objection was sufficient to comply with the statute requiring dictation of the objection, appellant did not obtain a ruling from the trial court; therefore, he failed to preserve error for appellate review. *See Vasquez*, 919 S.W.2d at 435. Moreover, appellant did not distinctly specify his ground of objection. *See* Tex. Code Crim. Proc. Ann. art. 36.14; Tex. R. App. P. 33.1(a)(1). Section 22.01 of the Penal Code provides for two separate Class C misdemeanor offenses. Tex. Penal Code Ann. § 22.01. Appellant did not designate which Class C misdemeanor he believed applicable in view of the evidence. Appellant did not state whether he believed the evidence entitled him to the lesser included offense instruction under the provisions of section 22.01(a)(2) or of (a)(3). *See id.*

3

In view of the evidence, even if the claimed error had been properly preserved for appellate review, the trial court did not err in failing to submit to the jury a charge on the lesser included offense. "A defendant's own testimony that he committed no offense, or testimony which otherwise shows that no offense occurred at all, is not adequate to raise the issue of a lesser included offense." *Lofton v. State*, No. 85-00, slip op. at 7; 2001 Tex. Crim. App. LEXIS 31, at 8 (Tex. Crim. App. May 2, 2001). Here, appellant testified he did not assault the alleged victim and offered the testimony of two witnesses who corroborated appellant's testimony that he did not assault anyone. Appellant's defense was that no offense occurred. The trial court did not err in failing to charge the jury on a lesser included offense. Appellant's point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Justices Kidd, Patterson and Dally[*]

Affirmed

Filed: July 26, 2001

Do Not Publish

4

*   Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).