Affirmed and Opinion filed October 2, 2003












Opinion of June 12, 2003, Withdrawn, Affirmed and Memorandum Opinion filed October 2,
 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00993-CR

____________

 

ALEJANDRO GARCIA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th District Court

Harris County, Texas

Trial Court Cause No. 918,281

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
entered a plea of not guilty to the offense of aggravated assault with a deadly
weapon.  He was convicted and the trial
court assessed punishment at twenty years in the Institutional Division of the
Texas Department of Criminal Justice.  

Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds to be advanced.  See
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978).








A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim.
App. 1991).  Appellant filed a response in which he raises
three issues.  Appellant contends (1) his
trial counsel was ineffective in that he failed to properly examine the State=s
evidence and present evidence on appellant=s behalf; (2) he was denied effective
assistance of counsel during the time period to file a motion for new trial;
and (3) the trial court erred in not charging the jury with instructions on
defense of property.  We affirm.

Background

On
the day of the offense, appellant and his companions, Eric Esparza and Sonia
Watkins, arrived at appellant=s apartment to find that it had been
burglarized.  According to Ms. Watkins,
no one was in the apartment at the time of their arrival.  Appellant and Esparza then ran toward a parking
lot with knives in their hands. 
Appellant and Esparza approached a group of men in another parking lot,
knives in hand, and demanded to know who had burglarized appellant=s
apartment.  

Lorenzo
Seals, the maintenance man for the apartment complex, was working in his office
when someone called him to the parking lot to address the disturbance.  When Seals approached appellant, he told
appellant he was the maintenance man and asked appellant what he could do to
help.  Appellant then grabbed Seals=s
shirt and began to drag Seals to his apartment. 
Seals released appellant=s grasp and accompanied appellant to
the apartment.  As Seals began to look at
the door to determine how the burglars had obtained entry, appellant and
Esparza began to hit Seals.  As Seals
tried to get away from the apartment, appellant drew his knife and stabbed
Seals in the leg.  Seals then ran out of
the apartment and yelled for someone to call an ambulance.  At that time, a police officer arrived and
told appellant and Esparza to drop their weapons.  Appellant and Esparza did not drop their
weapons until other officers arrived and approached them at gunpoint.

 








Ineffective
Assistance of Counsel

In
his first issue, appellant contends his trial counsel=s
representation was ineffective in that counsel failed to properly examine the
State=s
evidence and present evidence on appellant=s behalf.  Appellant contends that prior to trial, he
gave his attorney offense reports to be used in the cross-examination of the
State=s
witnesses, but his attorney did not use the reports.

To
succeed on his complaint, appellant must demonstrate both objectively deficient
performance by his attorney and a reasonable probability of prejudice.  See Strickland v. Washington, 466 U.S.
668, 694, 104 S.Ct. 1052, 2064-65 (1984).  In analyzing the assistance of counsel, we
begin with the strong presumption that counsel was competent.  See Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).  We presume counsel=s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Appellant bears the burden of rebutting this presumption by presenting
evidence illustrating why trial counsel did what he did.  Id. 
Because an ineffectiveness claim must be firmly founded in the record,
appellant cannot meet this burden if the record does not specifically focus on
the reasons for the conduct of trial counsel. 
Thompson, 9 S.W.3d at 813.  Generally, counsel should be given the
opportunity to explain his actions before being condemned as unprofessional and
incompetent.  Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim.
App. 2002).








Here,
appellant contends he gave offense reports to counsel to be used in the
cross-examination of the State=s witnesses.  Appellant contends counsel was ineffective in
failing to use those reports.  The record
before us is silent regarding why counsel failed to use the reports; there was
no motion for new trial, nor was counsel given an opportunity to explain
himself.  The use of certain evidence
during cross-examination is a matter of trial strategy.  From this trial record, one could conclude
there were legitimate and professionally sound reasons for counsel=s
conduct or one could speculate there were not. 
This is not one of those rare cases in which the evidence overcame the
presumption that counsel=s inaction was part of a strategic
plan.  See Tong v. State, 25 S.W.3d
707, 713 (Tex. Crim. App. 2000).  Appellant=s first issue is overruled.

In
his second issue appellant contends he was denied effective assistance of
counsel during the thirty-day time period for filing a motion for new
trial.  A defendant may file a motion for
new trial no later than thirty days after the date on which the trial court
imposes or suspends the sentence in open court. 
Tex. R. App. P. 21.4.  A defendant has the right to counsel during
the time limit for filing a motion for new trial.  Hanson v. State, 11 S.W.3d 285, 288
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  The defendant=s
court appointed attorney Ashall represent the defendant until
charges are dismissed, the defendant is acquitted, appeals are exhausted, or
the attorney is relieved of his duties by the court or replaced by other
counsel after a finding of good cause is entered on the record.@  Tex. Code Crim. Proc. Ann. art.
26.04(j)(2) (Vernon Supp. 2003); see also Ward v.
State, 740 S.W.2d 794, 796 (Tex. Crim. App. 1987)
(Ait
is abundantly clear that an appointed attorney=s legal responsibilities do not
magically and automatically terminate at the conclusion of the trial@).  When the defendant=s
trial counsel does not withdraw from representation after sentencing and is not
replaced by new counsel, a rebuttable presumption
exists that trial counsel continued to effectively represent the defendant
during the time for filing a motion for new trial.  Smith v. State, 17
S.W.3d 660, 662 (Tex. Crim. App. 2000); Oldham v.
State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998)
(op. on reh=g).  Because there is nothing in the record to
suggest that appellant=s counsel withdrew from
representation or that he was replaced with new counsel, we presume that trial
counsel continued to effectively represent appellant during the time for filing
a motion for new trial.  

Appellant
points out that he filed a notice of appeal and request for appellate counsel
on the date of his sentence.  These
facts, however, do not rebut the presumption that appellant was represented by
counsel or that counsel=s representation of him was
effective.  Oldham, 977 S.W.2d at 362-63.  Appellant has failed to overcome the
presumption that he was represented by counsel during the period after
sentencing.  Appellant=s
second issue is overruled.








Jury
Charge

In
his third issue, appellant contends the trial court erred in not charging the
jury with an instruction on the defense of property.  After both sides rested, the trial court held
a charge conference in which the State and appellant made objections to the
charge and requested instructions to be included in the charge.  Appellant asked for a charge on defense of a
third person and the trial court granted appellant=s
request.

Error
relating to the jury charge may be preserved by asserting either an objection
or a requested charge.  Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). 
Objections and special requested instructions must both be submitted in
writing or dictated to the court reporter before the charge is read to the
jury.  Tex.
Code Crim. Proc. arts.
36.14 & 36.15. 
The harm standard where a defendant may obtain reversal by showing
egregious harm from charge errors to which no objection was made does not apply
to a trial court=s failure to submit defensive
instructions.  Posey
v. State, 966 S.W.2d 57, 60-64 (Tex. Crim.
App. 1998).  Therefore, an
appellant can obtain a reversal for the omission of a defensive instruction
only where an objection or special requested instruction is submitted at
trial.  Id. 
Because appellant neither requested, nor objected to the lack of, an
instruction on defense of property, he has not preserved error.  Appellant=s third issue is overruled.

The
judgment of the trial court is affirmed.

 

 

PER CURIAM

 

 

 

Judgment rendered and Memorandum Opinion
filed October 2, 2003.

Panel consists of Justices Edelman,
Frost, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).