NUMBER 13-02-592-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

CHERYL ANN APLIN,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 105th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Garza
Memorandum Opinion by Justice Yañez
 

          Following a jury trial, appellant, Cheryl Aplin, was convicted of recklessly causing
bodily injury to an elderly individual.


 The trial court ordered that appellant pay court costs,
and assessed her punishment at two years’ confinement, imposed a $500 fine, suspended
confinement, and placed her on five years’ community supervision. By two issues,
appellant claims: (1) the trial court erred by adding a lesser-included offense to the jury
charge, and (2) appellant’s trial counsel was ineffective. We affirm.
          The record contains the trial court’s certification that this case is not a plea-bargain
case and the defendant has the right of appeal. See Tex. R. App. P. 25.2(a)(2). 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
          In issue one, appellant claims the trial court committed reversible error by allowing
the State to add a lesser-included offense, reckless bodily injury to an elderly individual,
to the jury charge.


 The State claims that it was appropriate to add the lesser-included
offense to the jury’s charge and that appellant waived the issue on appeal by failing to
object at trial.  
          To properly object to the court’s proposed charge or request that a particular
instruction or question be included in the charge, an accused must make a written
objection or request. See Tex. Code Crim. Proc. Ann. art. 36.15 (Vernon Supp. 2004);
Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). The accused meets the
requirement that the objection or request be in writing by dictating it to the court reporter
in the presence of the court and the State’s counsel. See Tex. Code Crim. Proc. Ann. art.
36.15 (Vernon Supp. 2004). 
          The record shows appellant was indicted initially for intentionally and knowingly
causing bodily injury to an elderly individual, and at trial, prior to opening statements, the
State reminded the court and appellant’s trial counsel that appellant had the option of
adding the lesser-included offense to the jury charge. Appellant’s trial counsel consulted
with appellant, requested that the lesser-included offense be added to the jury charge, and
stated that he had “. . . . no objections to the Charge.” 
          The law of invited error estops a party from making an appellate error of an action
it induced. See Prystash v. State, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999); see
Gonzalez v. State, 115 S.W.3d 278, 286 (Tex. App.–Corpus Christi 2003, pet. ref’d). 
Based on the record, we conclude that appellant is estopped on appeal from complaining
of submission of the lesser-included offense in the jury charge. See Gonzalez, 115 S.W.3d
at 286. Accordingly, appellant’s first issue is overruled.
          In her second issue, appellant claims ineffectiveness of her trial counsel because
counsel failed to: (1) object to the trial court’s addition of the lesser-included offense to the
jury charge; and (2) advise appellant that if she was convicted of the lesser-included
offense, the jury could not place her on probation. As a result of the alleged
ineffectiveness, appellant claims that she involuntarily elected to have the trial court assess
her punishment. 
          In order to prevail on a claim of ineffective assistance of counsel, appellant must
show by a preponderance of the evidence that: (1) trial counsel’s performance was
deficient in that it fell below the prevailing professional norms; and (2) the deficiency
prejudiced appellant and but for the deficiency, a reasonable probability exists that the
result of the proceeding would have been different. See Strickland v. Washington, 466
U.S. 668, 687 (1980). A reasonable probability is a probability sufficient to undermine
confidence in the outcome. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).
          The determination regarding whether a defendant received effective assistance of
counsel must be made according to the facts of each case. See id. at 813. An appellate
court looks to the totality of the representation and the particular circumstances of the case
in evaluating the effectiveness. Id.
          There is a strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance. See Davis v. State, 930 S.W.2d 765, 767 (Tex.
App.–Houston [1st Dist.] 1996, pet. ref’d). To defeat the presumption of reasonable
professional assistance, “any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness.” 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). In most cases, a silent
record that provides no explanation for counsel’s actions will not overcome the strong
presumption of reasonable assistance. See Thompson, 9 S.W.3d at 813-14.
          Here, appellant failed to meet the first prong of Strickland. The record does not
show that a motion for new trial was filed based on ineffective assistance of counsel. The
record does reflect that after consulting with appellant, trial counsel requested that the
court add the lesser-included offense to the jury’s charge. Additionally, the record does
not show why appellant’s trial counsel stated that he “. . . . had no objections to the
Charge.” Consistent with Strickland, we must presume that all significant decisions were
made in the exercise of reasonable professional judgment. See Strickland, 466 U.S. at
687. 
          Further, even though appellant’s trial counsel may not have advised her regarding
probation, the record supports that after the jury convicted her, appellant voluntarily waived
jury punishment, and the trial court placed her on community supervision. Appellant has
failed to show that but for trial counsel’s failure to object to the jury’s charge and failure to
advise appellant regarding community supervision, a reasonable probability exists that the
result of the proceeding would have been different. Id. Accordingly, appellant’s second
issue is overruled. 
          The judgment of the trial court is affirmed.
 
                                                                                                                       
                                                                LINDA REYNA YAÑEZ
                                                                           Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
2nd day of December, 2004.