**Opinion issued June 10, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00616-CR

———————————

## DONNIE EARL DUCKSWORTH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 69305 (Count I and II)**

---

## MEMORANDUM OPINION

A Brazoria County jury convicted Donnie Ducksworth of aggravated robbery and, after Ducksworth pleaded true to two enhancement paragraphs, assessed punishment at 60 years' confinement. In two issues, Ducksworth contends

that the trial court erred by failing to instruct the jury on the lesser-included offenses of robbery and theft.

We affirm.

## Background

Ducksworth and his wife were arrested after two construction workers notified police that the two had stolen metal pipe from their construction site. The two men, Jose and Ruben Vera, who are brothers, testified that Ducksworth and his wife entered a road-side construction zone in Pearland and began loading metal pipe onto Ducksworth's truck. The Veras testified that they approached Ducksworth and told him that the pipe was not construction debris and that he could not take it. In response, Ducksworth pulled a knife partially out of his pocket, threatened them, and left the construction site with the pipe. The Veras called the police, and Ducksworth and his wife were stopped within a few minutes. During the stop, the police found pipe and a knife in the bed of Ducksworth's truck. Both were arrested and charged with aggravated robbery.

At trial, Ducksworth's wife, Connie Peters, testified that she had understood that a third construction worker had given Ducksworth permission to take the pipe before the Veras intervened. She also testified about the knife that the police found in the bed of the truck. She stated that they kept the knife in the cab of the truck and used it to operate the truck's broken ignition. Peters testified that the knife

2

remained in the cab of the truck throughout the confrontation with the Veras, meaning that Ducksworth could not have used it to threaten the Veras as they contended. She explained that the knife was in the bed of the truck when the police arrived only because they used it to help secure the pipe for transport after taking it from the construction site. Ducksworth did not testify.

The jury was asked whether Ducksworth committed aggravated robbery. The jury was not instructed on any lesser-included offenses. The jury found Ducksworth guilty of aggravated robbery and, taking into account two enhancement paragraphs, sentenced him to 60 years' imprisonment.

## Procedural Default on Lesser-Included Offense Instructions

Criminal jury charges contain "law applicable to the case" and often "defensive issues." *Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010). The trial court has a duty to sua sponte instruct the jury correctly on the law applicable to the case. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998); TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007) ("[J]udge shall . . . deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case."). Given that duty, a criminal defendant is not required to take any action to preserve error with regard to charge complaints involving the law applicable to the case. *Tolbert*, 306 S.W.3d at 779.

Defensive issues are treated differently because they involve strategic decisions and tactics generally left to the defense lawyer and the client. *Posey*, 966 S.W.2d at 63; *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007). A defendant may decide it would be a better trial strategy to forgo a possible instruction that contradicts the defendant's theory of the case. *Posey*, 966 S.W.2d at 63. Acknowledging this strategic decision, the law does not impose on a trial court a duty to sua sponte instruct the jury on defensive issues. *Tolbert v. State*, 306 S.W.3d at 779–80; *Oursbourn v. State*, 259 S.W.3d 159, 179–80 (Tex. Crim. App. 2008); *Posey*, 966 S.W.2d at 60–62. And a defendant who does not preserve error on a defensive charge issue waives his right to appeal that aspect of the jury charge. *Tolbert*, 306 S.W.3d at 779; *Posey*, 966 S.W.2d at 62. This rule is "intended 'to discourage parties from sandbagging or lying behind the log' and to discourage a defendant from retrying the case on appeal under a new defensive theory, effectively giving the defendant 'two bites at the apple.'" *Tolbert*, 306 S.W.3d at 780 n.6 (quoting *Posey*, 966 S.W.2d at 63).

Lesser-included offenses are defensive issues. *Id.* at 780. The decision whether to request that a jury be instructed on lesser-included offenses or, instead, to "go for broke" and seek an acquittal on the charged offense is a strategic choice left to the defendant to make. *See Tolbert*, 306 S.W.3d at 781–82 (citing *Haynes v. State*, 273 S.W.3d 183, 191 (Tex. Crim. App. 2008) (Johnson, J., concurring)).

"Because of the strategic nature of the decision, it is appropriate for the trial court to defer [and] . . . refrain[] from submitting lesser offense instructions without a party's request." *Id.* at 781. Therefore, a trial court does not have a duty to sua sponte instruct the jury on lesser-included offenses. *Id.* at 780–81*; Delgado*, 235 S.W.3d at 249 ("The trial judge has an absolute sua sponte duty to prepare a jury charge that accurately sets out the law applicable to the specific offense charged. But it does not inevitably follow that he has a similar sua sponte duty to instruct the jury on all potential defensive issues, lesser included offenses, or evidentiary issues. These are issues that frequently depend upon trial strategy and tactics.") (footnote and italics omitted).

To preserve error on the omission of a lesser-included offense from the jury charge, the defendant must have either requested the instruction or objected to its omission. *Tolbert*, 306 S.W.3d at 781; *Vega v. State*, 394 S.W.3d 514, 519 (Tex. Crim. App. 2013). A defendant is required to do only one of the two to preserve error; he is not required to both object and request. *Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996) (interpreting TEX. CODE CRIM. PROC. ANN. arts. 36.14 and 36.15 concerning objections to court's charge and requested special charges).

An objection must be made in writing or on the record. TEX. CODE CRIM. PROC. ANN. art. 36.14. Likewise, a request for an instruction on a defensive issue

must be in writing or on the record and accompanied by a request that it be given to the jury. TEX. CODE CRIM. PROC. ANN. art. 36.15. Because it is a defensive issue, failure of a defendant to either object or request an instruction waives the issue for appeal. *Delgado*, 235 S.W.3d at 250; *Vega*, 394 S.W.3d at 519 ("A defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction that he did not preserve by request or objection: he has procedurally defaulted any such complaint.").

## A.    Lesser-included offense of robbery

In his first issue, Ducksworth contends that the trial court erred by not instructing the jury on the lesser-included offense of robbery. Ducksworth does not dispute that he failed to request an instruction on robbery or object to its omission. And he acknowledges that the Texas Court of Criminal Appeals held, in *Tolbert*, that trial courts do not have a duty to sua sponte instruct on lesser-included offenses. Ducksworth argues that *Tolbert* was wrongly decided and requests that we conclude that the trial court had a duty to sua sponte instruct on the defensive issue.

We are bound by the decision of the Court of Criminal Appeals and are without authority to conclude that a trial court has a duty to sua sponte instruct on defensive issues under Texas law. Because Ducksworth neither objected to the trial court's failure to include an instruction on the lesser-included offense of robbery

6

nor requested that the trial court include the instruction, we conclude that Ducksworth has waived his complaint about the omission of the defensive instruction. *Tolbert*, 306 S.W.3d at 781; *Delgado*, 235 S.W.3d at 250; *Vega*, 394 S.W.3d at 519.

We, therefore, overrule Ducksworth's first issue.

## B.      Lesser-included offense of theft

In his second issue, Ducksworth contends that the trial court erred by not instructing the jury on the lesser-included offense of theft. Ducksworth argues that his actions were sufficient to preserve the issue of charge error with regard to this instruction.

Twice during the charge conference, the trial court asked Ducksworth if he had "any objections, changes, modifications or additions to the proposed charge." Both times Ducksworth raised the issue of an instruction on theft. In the first instance, the court responded by going off the record to allow time for Ducksworth to review a decision from the Court of Criminal Appeals.[1] A second break was taken after the trial court asked Ducksworth whether he had a proposed instruction for theft to tender to the court. Following the second break—and without tendering any proposed instructions—Ducksworth announced, through counsel: "I reviewed the charge. I don't have any additions or deletions."

---

[1]      *Sweed v. State*, 351 S.W.3d 63 (Tex. Crim. App. 2011).

Ducksworth asserts that it is "unclear whether [he] meant that [he] did not have additional requests other than the instruction on theft or that [he] did not have any requested instructions, including one on theft." Based on this assertion of ambiguity, Ducksworth contends that he preserved error. The exchange is quoted below to provide context:

COURT:     [Counsel], have you had enough time to review the proposed charge of the Court?

DEFENSE:  Yes, sir, I have.

COURT:     Do you have any objections, changes, modifications or additions, other than [the State] adding to serious bodily injury?

DEFENSE:  We had a request for a lesser-included.

COURT:     All right.

DEFENSE:  For theft. We believe that the evidence does show, or some evidence raises an issue with the jury as to whether or not theft should be considered. Even though theft is already a part of the original offense.

＊ ＊ ＊ ＊

COURT:     All right. [Counsel], I'll let you review *Sweed* from 351 S.W.3d, Court of Criminal Appeals opinion. And it seems to me just if they were to disbelieve certain evidence that's not enough for a lesser and it seems like that's all we've got here. They would either have to disbelieve. *But I'll let you look at it and tell me why you think that would not preclude the lesser in this case.* So I'll let you look at it. I'll let the State look at it. If you would be back here in five minutes. Diana, go ahead and run it. Put "serious bodily injury" in there. *Leave lesser out at this time and then I'll hear from [counsel].*

8

[off record]

* * * *

COURT: All right. Do you have any objections, changes, modifications or additions to the proposed charge?

DEFENSE: Only that we would raise the issue of including a lesser-included offense.

COURT: Do you have a proposed instruction you would like to provide me?

[off record]

COURT: All right. Back on the record. The record will reflect counsel for the State, counsel for the Defendant, the Defendant are present. [Counsel], is there something that you wanted to put on the record?

DEFENSE: *I reviewed the charge. I don't have any additions or deletions.*

COURT: Okay. Thank you very much. *And I will approve the charge.*

(Emphasis added.)

By statute, a defendant must provide to the trial court the defensive instruction that he wants included in the jury's charge; he must provide it in writing or through dictation on the record. TEX. CODE CRIM. PROC. ANN. art. 36.15.

The trial court specifically asked Ducksworth whether he had a proposed instruction to provide the court, and he failed to give one. Instead, he stated that he did not have "any additions or deletions" to the court's charge.

9

Because Ducksworth did not tender a written lesser-included offense instruction or dictate one on the record, he failed to make a proper request. TEX. CODE CRIM. PROC. ANN. art. 36.15; *Hunter v. State*, 647 S.W.2d 657, 658 (Tex. Crim. App. 1983) (requiring that lesser-included offense instructions be "properly requested"); *cf. Posey*, 966 S.W.2d at 60 (stating that there must be trial court error before appellate court will evaluate harm) (citing TEX. CODE CRIM. PROC. ANN. art. 36.19).

Further, the record reveals that Ducksworth withdrew the issue from consideration by announcing to the trial court, "I don't have any additions or deletions" to the charge, which only included the offense of aggravated robbery. Because Ducksworth withdrew his request for a defensive jury instruction on theft, the trial court had no duty to include the instruction in its charge. *Tolbert*, 306 S.W.3d at 781 (holding that trial court has no sua sponte duty to include in jury charge unrequested defensive instruction on lesser-included offense). And the omission of the instruction cannot be error. *Posey*, 966 S.W.2d at 61 ("When, under general rules of procedural default, an appellate court holds a defendant has procedurally defaulted a particular claim by not timely raising it in the trial court, the appellate court does not concede that error has occurred.").[2]

---

[2] Ducksworth does not contend that his request should be treated as an objection or analyzed under the rules for objecting to charge error. Even if we were to consider the request to be an objection, Ducksworth failed to preserve error because he

10

## C.   *Tolbert* is not distinguishable

Ducksworth attempts to distinguish *Tolbert* by characterizing his trial strategy as something other than an "all or nothing strategy of going for an outright acquittal." *See Posey*, 966 S.W.2d at 63; *Tolbert*, 306 S.W.3d at 781 (holding no sua sponte duty to give defensive instruction when record clearly reflected that defense did not want instruction and was, instead, pursuing defensive strategy to "go for broke" for an acquittal) (quoting *Haynes*, 273 S.W.3d at 191). Ducksworth argues:

> Defense counsel did not—and indeed, could not—contend that [Ducksworth] was not guilty of any offense because the evidence was uncontradicted that he took . . . [the] pipe over the protestations of the Vera brothers. Counsel unsuccessfully requested a charge on theft and argued during summation that appellant was guilty of theft. Accordingly, *Tolbert* does not apply because appellant took the pipe and counsel did not adopt an "all or nothing strategy of going for an outright acquittal."

The record does not support Ducksworth's contention. Ducksworth's wife testified that Ducksworth spoke to another construction worker before being confronted by the Veras and that she understood that the construction worker gave Ducksworth permission to take the pipe. Ducksworth's closing argument highlighted that defensive position: "If you believe the testimony of Ms. Peters,

---

failed to obtain a ruling on any such objection. *See Vazquez v. State*, 919 S.W.2d at 435; *Smith v. State*, No. 03-00-00729-CR, 2001 WL 838037, at *2 (Tex. App.—Austin July 26, 2001, pet. ref'd) (requiring ruling on objection to lack of lesser-included offense instruction to preserve error).

Mr. Ducksworth walked over to the guy who was on the dozer to ask permission if he could take it. She says that the person nodded. Mr. Ducksworth picked up the pipe and began putting it in his truck." Ducksworth's closing continued by arguing that Ducksworth and Peters "tried to tell [the police] what happened, that they were given permission to get the pipe." Finally, at the conclusion of closing arguments, Ducksworth's counsel argued:

> I think that once you review the evidence you will find that the State has failed to meet its burden of proving to you beyond a reasonable doubt that Mr. Ducksworth intentionally placed Jose Vera or Ruben Vera in fear of imminent bodily harm or that he completed Aggravated Robbery. At most, what you have here is a theft case *if the guy on the bulldozer never assisted.*

(Emphasis added.)

The record does not support Ducksworth's contention that he admitted to theft as opposed to adopting an all-or-nothing defensive trial strategy. Instead, Ducksworth abandoned the lesser-included offense of theft and argued in closing that he was not guilty because he had permission to take the pipe or, conversely, if the jury did not believe he was given permission, that the State did not meet its burden of proof on all elements of the only charged offense—aggravated robbery. Ducksworth is unable to distinguish *Tolbert* on this record.[3]

---

[3] We do not suggest that distinguishing *Tolbert* in this manner could result in a different outcome; we conclude only that *Tolbert* is not distinguishable despite Ducksworth's arguments to the contrary.

Having found that the trial court did not commit error by omitting an instruction on theft, we overrule Ducksworth's second issue.

## Conclusion

Having overruled both of Ducksworth's issues, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).