ACCEPTED
06-17-00163-cr
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/28/2018 12:15 PM
DEBBIE AUTREY
CLERK

## NO. 06-17-00163-CR

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/28/2018 12:15:10 PM
DEBBIE AUTREY
Clerk

**DEION FRAZIER REED,**
**Appellant**

**v.**

**STATE OF TEXAS**
**Appellee**

On appeal from the 124th Judicial District Court for Gregg County, Texas
Trial Court Case No. 41,913-B

**BRIEF OF THE STATE OF TEXAS**

**– ORAL ARGUMENT NOT REQUESTED–**

**CARL DORROUGH**
**DISTRICT ATTORNEY**
**GREGG COUNTY, TEXAS**

John J. Roberts
Texas Bar No. 24070512
Assistant District Attorney
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas  75601
Telephone:(903) 236–8440
Facsimile:  (903) 236–3701
john.roberts@co.gregg.tx.us

# TABLE OF CONTENTS

**TABLE OF CONTENTS**                                                2

**INDEX OF AUTHORITIES**                                             2

**STATEMENT OF FACTS**                                              4

**SUMMARY OF THE ARGUMENT**                                        6

**ARGUMENT AND AUTHORITY**                                          7

**CONCLUSION AND PRAYER**                                          15

**CERTIFICATE OF SERVICE**                                          16

**CERTIFICATE OF COMPLIANCE**                                      17

# INDEX OF AUTHORITIES

**Cases**

*Abdnor v. State*, 871 S.W.2d 726 (Tex. Crim. App. 1994) **11**

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985) **11**

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) **8**

*City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005) **9**

*Clayton v. State,* 235 S.W.3d 772 (Tex. Crim. App. 2007) **9**

*De La Paz v. State*, 279 S.W.3d 336 (Tex. Crim. App. 2009) **14**

*Devoe v. State*, 354 S.W.3d 457 (Tex. Crim. App. 2011) **14**

*Dowthitt v. State*, 931 S.W.2d 244 (Tex. Crim. App. 1996) **11**

*Frost v. State*, 25 S.W.3d 395 (Tex. App.-Austin 2000) **12**

*Herron v. State*, 86 S.W.3d 621 ( Tex. Crim. App. 2002) **11**

*Hooper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) **8**

*Jackson v. Virginia*, 443 U.S. 307 (1979) **8, 9, 15**

*Ledbetter v. State*, 208 S.W.3d 723 (Tex. App.—Texarkana 2006) **11**

*Malik v. State,* 953 S.W.2d 234 (Tex. Crim. App. 1997) **9**

*Matlock v. State*, 392 S.W.3d 662 (Tex. Crim. App. 2013) **9**

*Morris v. State*, 67 S.W.3d 257 (Tex. App.-Houston [1st Dist.] 2001) **11**

*Munoz v. State*, 853 S.W.2d 558 (Tex. Crim. App. 1993) **11**

*Patrick v. State*, 906 S.W.2d 481 (Tex. Crim. App. 1995) **9**

*Shuffield v. State*, 189 S.W.3d 782 (Tex. Crim. App. 2003) **13**

*Simmons v. State,* 282 S.W.3d 504 (Tex. Crim. App. 2009) **9**

*Vasquez v. State*, 919 S.W.2d 433 (Tex. Crim. App. 1996)                     **12**

*Williams v. State*, 301 S.W.3d 675 (Tex. Crim. App. 2009)                    **14**

**<u>Statutes</u>**

Tex. R. Evid. 404(b)                                                          **13, 14**

Tex. Code Crim. Proc. Art 38.14                                              **11**

## STATEMENT OF FACTS

In a two-count indictment the State accused Deion Reed of the aggravated robbery and murder of D. Rossum. The State called twenty-one witnesses in a three day trial. According to evidence, Reed and brother Torry helped Brendan Douglas and Korvarsia Skinner plan and execute their conspiracy. The jury learned that the projectile which mortally wounded Rossum was fired from a handgun discovered during a search of Reed's home. SX 136. Evidence also revealed an incriminating text conversation between Reed and his conspirators just moments before the crimes. 8 RR 81; SX 104, SX 156. According to Skinner's testimony, he and the Reed brothers waited in a getaway car while Douglas lured Rossum to the Signal Hill Apartments. 7 RR 157-175. Then the Reed brothers got out of the car wearing dark hoodies and took position. 7 RR 175. Moments later, Skinner heard gunfire. 7 RR 176. He quickly pulled the car around and the four men fled the scene. 7 RR 178-79. On cross-examination, defense counsel questioned Skinner's motivations. Counsel implied that Skinner might say anything to garner leniency from the State. 7 RR 238.

Over objection the State offered evidence of an extraneous offense to refute the attack on Skinner's credibility. 7 RR 277-80. The State pointed to shell casings from a crime-scene on Webster Street which matched those at Signal Hill. The trial court overruled an objection to the extraneous evidence, but gave the jury proper limiting instructions before hearing evidence. 8 RR 12. When a witness to the Webster Street shooting testified at trial she identified Appellant  or possibly his brother as the shooter. 8 RR 13-14, 16-20. 22-28, 48-49. After the State rested Defense moved for directed verdict, which the trial court denied. 8 RR 89-90. The jury returned a guilty verdict on both counts and thereafter sentenced Reed to sixty-years in prison. 9 RR 9-10, 49; CR 122-125.

## SUMMARY OF THE ARGUMENT

First, the State sufficiently proved all of the necessary elements of aggravated robbery and murder. Second, the evidence at trial corroborated the accomplice testimony of K. Skinner and independently connected Reed to the crimes. Finally, the trial court did not abuse its discretion by admitting relevant evidence of an extraneous offense because the State offered it to rebut Appellant's defensive-theory and to prove his identity.

**ARGUMENT AND AUTHORITY**

**1) Issue One: Viewing the evidence in light most favorable to the verdict, any rational jury could have found Appellant guilty beyond a reasonable doubt.**

### A. Standard of Review

A reviewing court must view the evidence in the light most favorable to the verdict to determine whether any reasonable jury could have found that the State proved all the essential elements of of murder beyond a reasonable doubt . *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring); *Jackson v. Virginia*, 443 U.S. 307 (1979). In light of the evidence in this case, any reasonable jury could have believed beyond a reasonable doubt that Deion Reed intentionally or knowingly caused the death of D. Rossum while in the course of committing theft.

On review deference is given to the fact-finder's duty "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State,*

8

953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

When some evidence connects the defendant to the offense while other evidence does not, appellate courts should defer to how the jury viewed the evidence in support of the verdict. *Simmons v. State,* 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). A reasonable jury may accept or reject any or all of the testimony of any witness. *Matlock v. State*, 392 S.W.3d 662, 673 (Tex. Crim. App. 2013) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 811 (Tex. 2005)). All evidence, properly or improperly admitted, is reviewed. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Circumstantial evidence is as probative as direct evidence, and circumstantial evidence alone can be sufficient to establish guilt. *Patrick v. State*, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995). When the record supports conflicting inferences, the jury is presumed to have resolved the conflicts in favor of the verdict, and such a resolution is accorded deference by the appellate courts. *Jackson,* 443 U.S. at 319*.*

### B. Application & Analysis

Reed questions the legal sufficiency of the evidence because the State

9

never proved that he, not his brother, fired the bullets that struck and killed Rossum. He complains that the evidence merely proves his presence at the time and place of the crimes. But this position not only ignores the law of parties, it also undermines the jury's duty to weigh the abundant evidence of guilt.

A jury can draw reasonable inferences from the evidence presented in a case, and can rely entirely on circumstantial evidence to support a finding of guilt beyond a reasonable doubt. To support a finding of guilt Reed believes that the evidence must prove that he, not an accomplice, pulled the trigger. But that is not an element which the State must plead and prove in a murder trial. Viewing the evidence in light most favorable to the verdict, any rational jury could have found Appellant guilty beyond a reasonable doubt on both counts. For this reason, this court should reject Appellant's first issue.

## 2) Issue Two: Did the trial court inflict egregious harm by failing to give an accomplice instruction?

### A. Standard of Review

Testimony of an accomplice will not support a conviction unless

corroborated by other evidence connecting defendant to the crime. Tex. Code Crim. Proc. Art 38.14; *Herron v. State*, 86 S.W.3d 621, 631 ( Tex. Crim. App. 2002). Although Art. 38.14 requires that accomplice testimony be corroborated, the law does not specify the amount of evidence needed to do so. *Dowthitt v. State*, 931 S.W.2d 244 (Tex. Crim. App. 1996). Setting aside the accomplice testimony, a reviewing court must determine whether any of the remaining evidence at trial connected the defendant to the charged crime. *Ledbetter v. State*, 208 S.W.3d 723,727 (Tex. App.—Texarkana 2006) citing *Munoz v. State*, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993). The non-accomplice evidence does not have to directly link the defendant to the crime, nor must it establish guilt beyond a reasonable doubt. *Id*.

If appellant did not object to the jury charge at trial, he must show he suffered actual, egregious harm; theoretical harm alone will not suffice. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g); *Morris v. State*, 67 S.W.3d 257, 261 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd) (citing *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994)). The reviewing court must examine the degree of harm "in light of the entire jury

charge; the state of the evidence, including the contested issues and weight of probative evidence; the argument of counsel; and any other information revealed by the record of the trial as a whole." *Frost v. State*, 25 S.W.3d 395, 400 (Tex. App.-Austin 2000, no pet.) (citing *Alamanza*, 686 S.W.2d at 171). For charge error to result in egregious harm, it must affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. But in order to preserve error relating to the jury charge there must be either an objection or a requested charge. *See Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996).

**B. Application & Analysis**

Reed claims that the State relied exclusively on accomplice testimony to secure his conviction. He says that the State could not have proven his involvement in the crime without Skinner's testimony. Thus, Reed allegedly suffered egregious harm by the court's failure to include an accomplice instruction in the jury charge. But at no time in the record did Reed object or even request the instruction he now claims the jury should have received. Additionally, Reed's argument ignores the other evidence at trial which

corroborated Skinner's account and independently tied him to the crimes.

The State offered phone records which revealed how Reed and his conspirators coordinated their premeditated crimes. 7 RR 131, 271; 8 RR 82-89; SX 104-105. Also, shell casings from a crime-scene on Webster Street matched those found at Signal Hill. A witness to the Webster Street shooting testified at trial and identified Appellant as a possible shooter. 8 RR 17-20. 22-28, 48-49; SX 151. The assertion that the State relied exclusively on accomplice testimony is false. Reed fails to show how he suffered any actual, egregious harm. For all of these reasons this court should reject Appellant's second issue.

## 3) Issue Three: Did the trial court abuse its discretion by admitting relevant evidence of an extraneous offense?

### A. Standard of Review

A trial court's decision to admit evidence of an extraneous offense over objection is reviewed for an abuse of discretion. *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2003). Texas Rule of Evidence 404(b) prohibits the admission of extraneous conduct to prove a person's character or to show that

the person acted in conformity therewith. *See* Tex. R. Evid. 404(b). However, such evidence may be admissible when it has relevance apart from character conformity. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

Evidence of extraneous crimes may be admissible to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. *See* Tex. R. Evid. 404(b). Extraneous conduct may also be admissible to rebut defensive theories raised by the defense. *See Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Importantly, Rule 404(b) is a rule of inclusion rather than exclusion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). Thus, the rule only excludes evidence that is offered solely to prove bad character. *Id*. Whether extraneous evidence has relevance apart from character conformity is a question for the trial court. *Id*.

## B. Application & Analysis

In his third issue, Reed contends that the trial court erred by admitting evidence of extraneous conduct because it lacked relevance. Next, Reed claims that the evidence should have been suppressed because no jury could have found him guilty of the extraneous offense. Finally, in his fifth issue Reed says

14

the trial court should have suppressed the extraneous evidence despite its relevance to prevent unfair prejudice to his defense.

But the trial court rejected all of these points. First, the court acknowledged the relevance of the proffered evidence, noting how the two incidents shared similarities and happened less than a month apart. 7 RR 280-81. The court also noted how the extraneous evidence rebutted counsel's attempts to discredit Skinner's testimony on cross-examination. RR 281. Furthermore, the evidence at trial permitted a reasonable jury to find Reed guilty of the extraneous offense. The evidence placed Reed and his brother at both crime scenes, and police recovered the murder weapon inside their home. 8 RR 17-20, 22-28, 48-49; SX 151. Reed says that the evidence insufficiently supports his conviction because the evidence also incriminated his brother. But when the record supports conflicting inferences, the jury is presumed to have resolved the conflicts in favor of the verdict, and such a resolution is accorded deference by the appellate courts. *Jackson,* 443 U.S. at 319. Finally, the trial court reasoned that proper limiting instructions prevented any unfair prejudice to Reed's defense. 8 RR 281-82.

For these reasons this court should reject Appellant's third, fourth, and fifth issues.

## CONCLUSION AND PRAYER

In conclusion, Reed's conviction should be affirmed. There was ample evidence from which a reasonable fact-finder could find Reed guilty of both counts beyond a reasonable doubt. Furthermore, the evidence at trial corroborated the accomplice testimony of K. Skinner and independently connected Reed to the crimes. Finally, the trial court did not abuse its discretion by admitting relevant evidence of an extraneous offense because the State offered it for permissible reasons.

For the foregoing reasons, the State prays that the judgment of the Trial Court be affirmed.

Respectfully Submitted,

**/s/John J. Roberts**
Assistant Criminal District Attorney
Texas Bar No. 24070512
Gregg County, Texas
101 East Methvin St., Suite 333
Longview, Texas 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701

16

Email: john.roberts@co.gregg.tx.us

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record by e-filing service to:

Jeff Jackson, Appellate Counsel
jefftjacksonlaw@gmail.com

on or about March 28, 2018.

/s/**John J. Roberts**

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with Texas Rules of Appellate Procedure, Rule 9 regarding length of documents, in that exclusive of caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, it consists of 2,080 words.

/s/**John J. Roberts**