Felix Cabrera ARANA, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–97–00533–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1999.

John Davis, Angleton, for appellant.

David Bosserman, Angleton, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## OPINION

RICHARD H. EDELMAN, Justice.

Felix Cabrera Arana appeals a conviction for murder on the grounds that the trial court erred in failing at the guilt-innocence stage of trial to give the jury a no-adverse-inference instruction on appellant's failure to testify and a limiting instruction not to use impeachment evidence as substantive evidence of guilt. We affirm.

### Preservation of Error

■ As a preliminary matter, the State contends that appellant failed to preserve error with regard to his two points of error. Error relating to a jury charge may be preserved by asserting either an objection or a requested charge. *See Vasquez v. State*, 919 S.W.2d 433, 435 (Tex. Crim.App.1996). Objections and special requested instructions must both be submitted in writing or dictated to the court reporter before the charge is read to the jury. *See* TEX.CODE CRIM. PROC. ANN. arts. 36.14, 36.15 (Vernon Supp.1999).[1] An adverse ruling must be obtained to preserve error on an objection but not on a special requested instruction that is called to the trial court's attention. *See Vasquez*, 919 S.W.2d at 435. If a defendant either asserts objections, requests instructions, or both, and the trial court thereafter modifies the charge but does not respond to all of the objections or requested charges, then the unresponded to objections or requested charges are not deemed waived by

---

1. Article 36.15 states, in part:

The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.
\* \* \* \*
When the defendant has leveled objections to the charge or has requested instructions or both, and the court thereafter modifies his charge and rewrites the same and in so doing does not respond to objections or requested charges, or any of them, then the objections or requested charges shall not be deemed to have been waived by the party making or requesting the same, but shall be deemed to continue to have been urged by the party making or requesting the same unless the contrary is shown by the record; no exception by the defendant to the action of the court shall be necessary or required in order to preserve for review the error claimed in the charge.
*See* TEX.CODE CRIM. PROC. ANN. art. 36.15 (Vernon Supp.1999).

the defendant unless the contrary is shown by the record. *See id.*

▮ The harm standard whereby a defendant may obtain reversal by showing egregious harm from charge errors to which error was not preserved at trial[2] does not apply to a trial court's failure to submit *defensive* instructions. *See Posey v. State*, 966 S.W.2d 57, 60–64 (Tex.Crim. App.1998). Therefore, an appellant can secure a reversal for the omission of defensive instructions only where an objection or special requested instruction is submitted at trial. *See id.*

▮ In this case, appellant submitted an entire proposed jury charge ("appellant's charge") to the trial court before the charge conference. This eight-page charge included instructions that the jury: (1) could not consider appellant's election not to testify as a circumstance against him (the "no-adverse inference instruction");[3] and (2) could not consider impeachment evidence as tending to establish appellant's guilt or any fact in the case (the "impeachment evidence instruction").[4]

The State also submitted a proposed charge (the "State's charge"), which the trial court used as its working draft in formulating the final charge. The State's charge included neither a no-adverse inference instruction nor an impeachment evidence instruction. During the charge conference, the trial judge went through the State's charge paragraph-by-paragraph, asking appellant for objections, additions, and deletions. While proceeding through the charge in this manner, appellant raised various matters but did not mention either a no-adverse inference instruction or an impeachment evidence instruction.

After reaching the end of the charge, the trial court asked appellant if he had any other overall objections to the charge and the following exchange took place:

> MR. SELLECK: We would ask that we have our proposed charge marked and entered as part of the record and would request that the Defendant's proposed charge be the charge that the Court uses *for the aforementioned reasons.*
>
> THE COURT: Okay. You may do that and *since much of it has been agreed and some of it hasn't* the record will reflect the differences in the charge that goes to the jury and the charge you're submitting. *I can't mark it refused because I would be refusing part that is already in,* but if you want me to put refused as to portions argued that vary from the charge presented to the jury or something like that, if you'll write that on there and give it to me for my approval.
>
> MR. SELLECK: Your honor, my only purpose is so that the record will be clear as to what our respective charge—what our proposed charge would be should this case go up on appeal.
>
> THE COURT: Fair enough. You can do that.

(emphasis added).

The remaining differences between appellant's charge and the State's charge were not discussed or marked as refused. Shortly before the charge was read to the jury, the following exchange occurred:

> THE COURT: Any objections further than was previously stated on the record from the State?

---

**2.** *See, e.g., Cathey v. State*, 992 S.W.2d 460, 466 (Tex.Crim.App.1999).

**3.** A defendant has a constitutional right to be given a no-adverse inference jury instruction when he so requests. *See Carter v. Kentucky*, 450 U.S. 288, 300, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981); *Beathard v. State*, 767 S.W.2d 423, 432 (Tex.Crim.App.1989). However,

even constitutional errors may be waived by a failure to object to them at trial. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App. 1995).

**4.** A limiting instruction is also required where evidence of limited admissibility is admitted and a party requests it. *See* Tex.R. Evid. 105(a).

MR. ALDRICH: No objections from the State.

THE COURT: From the Defense, same objections?

MR. SELLECK: *Same objections as previously stated.* We request that law of parties as applied in the application paragraph be deleted. We request that the charge include in it definitions of accomplice witness testimony as to Jose Jauregui and Paul Perez and we would request the inclusion of the theory of felony murder to support those accomplice testimony.

THE COURT: Okay. *And I've already ruled on those objections or those requests and have refused them so I think we're ready to proceed at this time.* Put them in the box.

 As contrasted from an objection, a special requested instruction allows a defendant to submit to the trial court specific provisions for inclusion in the charge, *i.e.*, because those items have been omitted or because the court's version of them is incorrectly worded. We do not believe that article 36.15 envisions a defendant submitting an entire charge to the trial court because, as in this case, much of it will likely not be substantively different from the court's version or disputed, and the portions which do differ substantively are not readily distinguishable from those which do not. Cases which have held that no adverse ruling is necessary to preserve error with regard to a special instruction have addressed specific instructions or provisions which a defendant has submitted and brought to the trial court's attention.[5] Therefore, where article 36.15 provides that requested instructions will not be deemed waived when the trial court revises a charge without responding to them, we believe this pertains to specific provisions which the defendant presents in a manner that fairly apprises the trial court that the defendant is proposing something different from or in addition to that which is under consideration.

In this case, appellant's omitted instructions were buried within his eight page proposed jury charge and were not among the matters appellant raised during the charge conference. In order to be aware that appellant was proposing any additional items and to learn of their content in this case, the trial court would have had to make a paragraph-by-paragraph comparison of appellant's charge to the State's charge, even though most of the two charges was not in dispute and appellant had given the trial court no reason to suspect that any additional differences existed. We believe that the imposition of such a burden on the trial court would serve no useful purpose but would only encourage abuse. Therefore, we conclude that appellant's submission of an entire jury charge without calling the trial court's attention to the omission of the two instructions from the State's charge was not sufficient to preserve error on the omission of those two instructions.

 In addition, requested instructions are not deemed waived by the trial court's failure to rule on them unless the contrary is shown by the record. *See* Tex.Code Crim. Proc. Ann. art. 36.15; *see also Vasquez,* 919 S.W.2d at 435. In this case, even if submission of the entire charge had been sufficient to initially preserve error on the two omitted instructions, we believe that the comments of appellant's counsel at the conclusion of the charge conference fairly conveyed to the trial court that appellant's complaints about the charge were limited to those his counsel reiterated at that time. We further believe that the trial court was justified in accepting this representation at face value rather than being compelled to question it and search appellant's proposed charge for other possible differences from the State's charge.

---

5. *See, e.g., Vasquez,* 919 S.W.2d at 433 (addressing request for an instruction on the accomplice status of a witness).

Therefore, to the extent that any complaint regarding the omission of the two instructions was initially preserved by submitting the entire charge, that complaint was abandoned at the charge conference.

In addition, we believe that appellant's complaint regarding omission of the impeachment evidence instruction was not preserved for another reason. When evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request, the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal. *See* TEX.R. EVID. 105(a). However, a party opposing evidence has the burden of objecting and requesting the limiting instruction at the introduction of the evidence. *See Garcia v. State*, 887 S.W.2d 862, 878 (Tex.Crim.App.1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Once evidence is admitted without a proper limiting instruction, it becomes part of the general evidence in the case and may be considered for all purposes. *See id.* Therefore, if a limiting instruction is not requested at the time impeaching evidence is introduced, then it is not error for the trial court to fail to charge the jury with a limiting instruction regarding that evidence. *See id.* at 879.

In this case, it is undisputed that appellant did not object or request a limiting instruction at the time the impeachment evidence was offered at trial. Appellant argues that there was no reason for him to object then because the impeachment evidence was admissible and not objectionable at that time. We disagree. To the extent the evidence was admissible only for the purpose of impeachment and not for the purpose of determining guilt or innocence, as appellant contends, it was his obligation at that time to object to its admission for the purpose of determining guilt and to obtain a limiting instruction. *See id.* at 878–79. Upon his failure to do so, the evidence was admitted for all purposes, and appellant could not limit the scope of its admissibility after the fact with a jury instruction. *See id.* at 879. We therefore conclude that appellant failed to preserve any complaint with regard to the omission of the two instructions, overrule his two points of error, and affirm the judgment of the trial court.