In The
Court of Appeals
For The
First District of Texas




NO. 01-00-01207-CR
____________

ROBIN RONNIE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 1 
Harris County, Texas
Trial Court Cause No. 9,950,873




O P I N I O N
          A jury found appellant, Robin Ronnie Jones, guilty of the misdemeanor offense
of driving while intoxicated, and the trial court assessed punishment at 180 days in
jail, probated for one year. In four points of error, appellant contends that the trial
court erred by giving a jury instruction that improperly shifted the burden of proof
and by preventing appellant from testifying to certain facts. We affirm.
Facts
          On November 19, 1999, at approximately 1:00 a.m., Harris County Precinct
Four Deputy Constable Roland Dahlin observed appellant driving a pickup truck at
42 miles per hour in a 35-miles-per-hour zone. Deputy Dahlin testified that he
stopped appellant after appellant’s truck had crossed the center line three times. 
Dahlin further testified that he saw John Taylor, a passenger in appellant’s vehicle,
place an open container of beer in the back of the truck and that, as he approached the
driver’s side of the truck, he smelled a strong odor of alcohol on appellant’s breath. 
Deputy Dahlin testified that appellant’s eyes were bloodshot and that appellant
admitted that he had been drinking.
          Deputy Dahlin radioed for an officer trained to perform field-sobriety tests. 
Approximately 20 minutes later, Deputy David Nolan arrived, asked appellant to
perform several field-sobriety tests, and concluded that appellant was intoxicated. 
After appellant was arrested, he gave a breath sample which, on analysis, revealed a
breath-alcohol concentration of 0.195 grams of alcohol per 210 liters of breath.
Improper Jury Instruction
          In his first point of error, appellant contends that the application paragraph of
the jury instruction pertaining to article 38.23 of the Code of Criminal Procedure
improperly shifted the burden of proof to him. 
          The application paragraph that was given contained the following language:
Therefore, bearing in mind the foregoing instruction, if you believe from
the evidence beyond a reasonable doubt that Deputy Roland Dahlin did
not acquire reasonable suspicion to believe that a traffic offense was
committed by the defendant, namely, that he observed the defendant
speed, if he did, or fail to drive his vehicle in a single marked lane, if he
did, or both, or if you have a reasonable doubt thereof, then you shall not
consider the evidence obtained by the officer as a result of the arrest of
the defendant. 

(Emphasis added).
          We have held that a similar jury charge was error because it incorrectly placed
the burden of proof on the defendant. Coleman v. State, 45 S.W.3d 175, 181 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d), overruled on other grounds by, Johnson
v. State, No. 01-01-01043-CR, slip op. at 9 (Tex. App.—Houston [1st Dist.] Dec. 12,
2000, no pet. h.) (designated for publication). As in Coleman, the proper instruction
would have stated that if the jury believed from the evidence beyond a reasonable
doubt that the peace officer had lawfully obtained the evidence, the jury could
consider the evidence, but if the jury had a reasonable doubt that the peace officer had
lawfully obtained the evidence, then the jury could not consider it. Id. 
          A party must either object to an allegedly improper charge or request a
different charge. Vasquez v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). 
Here, appellant never objected that the language of the application paragraph shifted
the burden of proof. Instead, he objected to the reference to speeding and to failing
to drive in a single marked lane, rather than a simple reference to the violation of
traffic laws, as a basis for reasonable suspicion. Therefore, the objection that he
raises on appeal is on a ground that he did not raise at trial. See Taylor v. State, 7
S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 1999, no pet.). 
          Appellant did, however, submit a proposed jury charge containing the correct
standard for burden of proof. Generally, if the defendant requests a special charge,
no objection is required to preserve error, even if the trial court modifies the charge
and does not respond to all of the defendant’s objections or requested charges. Tex.
Code Crim. Proc. Ann. art. 36.15 (Vernon Supp. 2003); Vasquez, 919 S.W.2d at
435. However, submission of an entire jury charge without calling the trial court’s
attention to a specific omission or request is insufficient to preserve error. Arana v.
State, 1 S.W.3d 824, 828 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). 
          In Arana, the defendant submitted an entire proposed jury charge, which
included an instruction that the jury could not consider the defendant’s election not
to testify, before the charge conference. Id. at 827. The State also submitted a
proposed charge omitting this instruction, and the court used the State’s charge as its
working draft in formulating the final charge. Id. Although the defendant objected
to certain defects in the final charge, not including the above instruction, the
remaining differences between the defendant’s charge and the State’s charge were not
discussed or marked as refused. Id. The defendant then raised for the first time on
appeal the ground that the jury charge omitted the instruction on the defendant’s
election not to testify. Id. The Arana court held that, although article 36.15 provides
that requested instructions will not be deemed waived if the trial court revises a
charge without responding to them, this article pertains to specific provisions that the
defendant presents in a manner that fairly apprises the trial court that the defendant
is proposing something different from or in addition to the matter that is under
consideration. See id. at 828. Because the defendant’s omitted instructions were
buried within his proposed jury charge and were not among the matters he raised
during the charge conference, he did not properly object. See id.
          The holding in Arana is applicable here. Appellant submitted his own
proposed charge containing the correct standard for burden of proof and made certain
specific objections to the final charge, but failed to object to the shifting of the burden
of proof in the final charge. The trial court modified the final charge, taking into
consideration only the arguments and objections that appellant raised at the charge
conference. Because appellant did not apprise the trial court that the proposed
burden-of-proof standard was different from the standard contained in the proposed
charge, appellant failed to preserve error.
 
          Because appellant did not properly object, we must apply a different standard
of review from the standard applicable if error had been preserved. See Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Under Almanza, appellant must
show egregious harm resulting from the wording of the instruction. See id. Here,
Deputy Dahlin offered testimony showing that he had a reasonable suspicion to stop
appellant for both speeding and failing to maintain a single lane of traffic. Although
appellant disputed the speed at which he was traveling, and appellant’s witness
denied that appellant failed to maintain a single lane of traffic, the jury could have
given more credibility to Deputy Dahlin’s testimony, considering that both appellant
and his witness had been drinking. Appellant has not met his burden of showing
egregious harm. 
          We overrule appellant’s first point of error.
Excluded Testimony
          In his second, third, and fourth points of error, appellant contends that the trial
court erred in excluding testimony from appellant about an altercation that took place
between passengers in his car and occupants of another vehicle shortly before Deputy
Dahlin stopped him. Two deputies had testified for the State about the incident, and
appellant’s passenger, John Taylor, had testified about the matter for the defense. 
Appellant was about to testify to the details of the altercation when the State objected
based on relevance. The trial court sustained the objection. 
          Appellant contends that, before ruling, the trial court improperly commented
on the potential testimony in violation of article 38.05 of the Code of Criminal
Procedure by stating in front of the jury that “this whole incident is irrelevant.” See
Tex. Code Crim. Proc. Ann. Art. 38.05 (Vernon Supp. 2003). Moreover, he
contends, in sustaining the State’s objection, the trial court interfered with his trial
counsel’s effectiveness and denied him the right to testify under article 38.08 of the
Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. Art. 38.08 (Vernon
Supp. 2003). 
A.      Comment on the Evidence
          Appellant asserts in his second point of error that the trial court “committed
reversible error by commenting upon and/or giving his opinion of the evidence being
offered by appellant, in violation of article 38.05 of the Texas Code of Criminal
Procedure.” 
          Appellant had presented evidence to impeach Deputy Dahlin’s testimony that
Deputy Dahlin followed appellant for two and a half miles from an intersection where
the altercation took place. Both Deputy Nolan and appellant’s passenger, John
Taylor, had testified that the altercation took place at an intersection a half mile from
where Deputy Dahlin stopped appellant. 
          The following exchange then occurred as appellant’s counsel questioned
appellant:
Defense Counsel: Okay. Let me ask you this. Between the point that
they passed you and you all pulled up behind them, had you all talked
about any - well, “Those guys are real ‘yahoos.’ We’re going to - we’re
going to get up there and we’re going to - ”
 
Appellant: Well, we may have been - we may have said something to the
effect that, “I can’t believe they did this.” But, we didn’t -
 
Prosecutor: Well, we would object at this point to relevance, Judge.
 
Trial Court: Well, do you have anything to add or to change from the prior
witness’ testimony about this incident?
Defense Counsel: Well, Judge, I think that we’re entitled to give our own
testimony. We don’t have to rely on any other witness. And, that’s all that I’m
trying to do.

          Trial Court: Did you hear the question that I asked?
Defense Counsel: Sir?
Trial Court: Does he have anything to change from the other witness as
to this incident? I mean, you were here and you heard the other witness
tell the story. [Addressing appellant, the witness:] Do you have anything
to add or to subtract from that?
 
Appellant: No sir, I don’t.
Trial Court: Well, this whole incident is irrelevant.
Defense Counsel: Well, Judge, I take issue with you on that. And, I - I -
I object to you making that comment here in front of the jury. I believe
it- it - it sends a message to the jury regarding your opinion in this case.
 
Trial Court: Well, no, no, no. It’s just hearing this whole story, again,
and in such detail, right now. I don’t want to hear the whole story in
detail.
 
Defense Counsel: Well, it’s part of the incident, Judge. That’s the
problem. I mean, the incident was first brought up by the Prosecutor
with the police officer. And, that’s why we - we need to bring it up. 
And, these people need to hear about what my client’s frame of mind
was at the time, your Honor.
 
Trial Court: Well, the incident is the DWI. Right?
 
Defense Counsel: Well - 
Trial Court: And, which happened later. Right?
Defense Counsel: Well, I understand what you’re saying. But, I need to
bring out what happened. And, that’s what I’m trying to do through my
witness. And, I think that the jury is entitled to hear, through my
witness, each one of them and individually - as to what happened. 
That’s all that I’m trying to do.
 
Trial Court: Well, State, do you have an objection?
Prosecutor: Yes, your Honor. The objection is as to relevance as to the
DWI.
 
Trial Court: Well, I agree.
Defense Counsel: And, again, I object to the Court’s comments in front
of the jury with regard to - to that - to that. I think it sends an improper
message to the jury with regards to the Defense’s theory in this case.
 
Trial Court: Well, I didn’t know that we were going to talk about it this
long. If so, I would have taken the jury out. But, we haven’t. So, let’s
move on.
 
Defense Counsel: Well, am I prohibited from going into the - into the -
into the -
 
Trial Court: Well, I’ve sustained his objection.
 
Defense Counsel: So, where do I pick it up, Judge?
 
Trial Court: Well, why don’t you ask him the same question that I asked
him, and see if he has anything to add. And, then, let’s - let’s - let’s
move on.
 
Defense Counsel: Well, I would object to being - to being -
 
Trial Court: After the incident, you’re driving up on the road and
continuing on, and going in whatever direction that you’re going.
 
Defense Counsel: And, I would object to being required to do that, your
Honor. But, since the Court has instructed me to do that, I will do that.
 
Trial Court: All right. Proceed.

(Emphasis added)
          When the State objected to further evidence of the altercation, article 38.05
dictated that “[i]n ruling upon the admissibility of evidence, the judge [should] not
discuss or comment upon . . . its bearing in the case, but [should] simply decide
whether or not it is admissible . . . ” See Tex. Code Crim. Proc. Ann. Art. 38.05. 
The trial court, therefore, erred by discussing or commenting upon the proposed
evidence’s “bearing in the case” when it stated, “Well, this whole incident is
irrelevant,” and “Well, I agree [with the State’s objection].”
          For a trial court’s erroneous comment to constitute reversible error under article
38.05, the comment must be reasonably calculated to benefit the State or prejudice
the defendant’s rights. Becknell v. State, 720 S.W.2d 526, 531 (Tex. Crim. App.
1986). The appellate court makes this determination by examining whether the trial
court’s statement was material to the case. Clark v. State 878 S.W.2d 224, 226 (Tex.
App.—Dallas 1994, no pet.) An issue is material if the jury has the same issue before
it. Id. A trial court improperly comments on the weight of the evidence if it makes
a statement that implies approval of the State’s argument, indicates disbelief in the
defense’s position, or diminishes the credibility of the defense’s approach to the case. 
Id.
          The trial court did not err in sustaining the State’s relevancy objection. The
details of an earlier altercation (which Deputy Dahlin did not see) were not relevant
to the issues before the jury, i.e., whether Deputy Dahlin later saw and developed
reasonable suspicion to stop appellant for speeding or failing to maintain a single lane
and to conclude that appellant was intoxicated. The trial court’s comments were
erroneous, but harmless, and did not imply approval of the State’s argument, express
disbelief in appellant’s position, or diminish the credibility of appellant’s approach. 
See id. at 226. Thus, the record does not show that the comment rose to a level that
was calculated to benefit the State or to prejudice appellant.
          We overrule appellant’s second point of error.
B.      Ineffective Assistance of Counsel
          In his third point of error, appellant contends that the trial court denied him his
right to effective assistance of counsel by limiting his direct-examination testimony
about the altercation, thereby interfering with counsel’s ability to make independent
decisions about how to conduct his defense. The right to effective counsel includes
the right of defense counsel to make independent decisions regarding defense
strategy. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). 
When the trial court’s improper actions prevent defense counsel from performing his
job, a claim of ineffective assistance of counsel arises. Jackson v. State, 992 S.W.2d
469, 476 (Tex. Crim. App. 1999). However, the trial court’s actions do not deprive
a defendant of effective assistance of counsel “unless those actions prevent counsel
from doing something he had the legal right to do.” Id. at 476. Because the trial
court did not err in ruling that the earlier altercation was not relevant, appellant’s trial
counsel had no right to continue to question appellant on the subject. The trial court,
therefore, did not deny appellant his right to effective assistance of counsel.
          We overrule appellant’s third point of error.
C.      Right to Testify
          In his fourth point of error, appellant contends that the trial court erred in
denying him his right under article 38.08 of the Code of Criminal Procedure to testify
in his own behalf by preventing his testimony about the earlier altercation, which
testimony had previously been introduced before the jury by the State. 
          A defendant who testifies in his own defense is subject to the same rules
governing direct and cross-examination as other witnesses, including rules of
relevancy. Alexander v. State, 740 S.W.2d 749, 763 (Tex. Crim. App. 1987). We
have previously found, in point of error two, that the trial court did not err in ruling
that the details of the earlier altercation were irrelevant to the later events of
appellant’s alleged traffic violations and driving while intoxicated. Additionally, the
colloquy between the trial court and counsel, detailed in point of error two, appeared
to focus on the State’s relevancy objection. Appellant did not object at trial that he
was being deprived of the right to testify under article 38.08. Hence, the issue he here
asserts was not urged at trial and is not preserved for review. Johnson v. State, 803
S.W.2d 272, 292 (Tex. Crim. App. 1990), overruled on other grounds by, Heitman
v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991).
          We overrule appellant’s fourth point of error.
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Lee Duggan, Jr.



                                                                 /s/ Justice
Panel consists of Chief Justice Radack and Justices Hedges and Duggan. 

Former Chief Justice Michael H. Schneider, who retired from the Court before
issuance of this opinion, did not participate in this decision. 

Do not publish. Tex. R. App. P. 47.2(b).