Affirmed and Memorandum Opinion filed September 14, 2006








Affirmed and Memorandum Opinion filed September 14, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00186-CR

____________

 

AVI DAVID KATZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law Number 7

Harris County, Texas

Trial Court Cause No. 1253288

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted Avi David Katz, appellant, of driving
while intoxicated.  The trial court assessed punishment at 180 days= imprisonment,
probated for one year, a $400 fine, thirty hours= community
service, and instituted terms of probation.  Katz appeals his conviction
raising one issue of jury charge error.  We affirm.








Factual and Procedural Background

On August 15, 2004, Deputy Carl Smith noticed appellant was
driving in an unsafe manner by failing to remain in a single lane of traffic. 
Deputy Smith, a constable, signaled appellant to stop his vehicle, which he
did.  Deputy Smith, along with another constable, Deputy Mark Kalhoefer, began
to investigate whether appellant was intoxicated.  Neither had extensive
experience with DWI investigations.  Their testimony was that appellant smelled
of alcohol, had bloodshot eyes, and may have failed a field sobriety test, the
one leg stand test.  Appellant also performed the walk-and-turn test, but
Deputy Kalhoefer, who conducted the tests, could not remember how appellant
performed on that test.

The constables took appellant to the Houston Police Department. 
Officer Javier Calvillo, a specialist in DWI investigation, took appellant into
the intoxication room and videotaped their interaction.  Appellant refused to
give a breath sample or perform any sobriety tests.  He asked to see an
attorney and asked to terminate the interview after receiving his Miranda
warnings.  The tape was played for the jury, with sound.  Thus, the jury heard
appellant invoke his rights.  

Appellant did not object to the playing of the tape, with
or without sound.  The State did not reference appellant=s invocation of
his rights.  When appellant questioned Officer Calvillo about the invocation,
he asked Calvillo if such an invocation evidenced that appellant had the proper
use of his mental faculties consistent with sobriety.  At no time did appellant
object to the jury hearing the audio portion of the tape or ask for a limiting
instruction regarding how the jury could use evidence of appellant=s invocation.  








At the close of evidence and before the jury was charged,
appellant asked that the jury be instructed it could not draw an inference of
guilt from appellant=s request for counsel and statement that
he wanted to terminate the interview.  The trial court denied that request. 
During closing, the State referenced appellant=s failure to
consent to give a breath sample and his invocation of rights.  Specific to
appellant=s failure to cooperate and terminate the interview,
the State argued, Ayou=re under the
suspicion of DWI wouldn=t you want to follow the instructions of
the officers,@ and, Ayou=re under the
suspicion of DWI why would you not follow the instructions of an officer?@  Appellant did
not object to the argument.  On appeal, he argues it was error not to give the
jury his proposed instruction.  

Analysis

I.        Appellant=s instruction
would be proper if the evidence were limited initially

Invoking one=s right to counsel
may be construed negatively to that defendant and may carry an inference of
guilt.  Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991). 
That inference is constitutionally impermissible.  Id.; see also
Wainwright v. Greenfield, 474 U.S. 284, 291 (1986) (holding that it is a
violation of the Due Process Clause and fundamentally unfair to breach the
implied assurance of Miranda that one may be silent and then use that
silence against him).  Evidence that an accused invoked his right to counsel is
inadmissible as evidence of guilt.  Hardie, 807 S.W.2d at 322.  However,
it is admissible when offered by a defendant to rebut an inference of guiltCas was done hereCand to demonstrate
sobriety by showing the defendant had the presence of mind to request an
attorney.  Id. at 322 n.7.  Thus, the evidence may be used for a
defendant, but not against him.  Id.  








However, this general rule does not apply if a defendant
chooses to introduce his invocation of his right to counsel without
simultaneously asking the trial court to admit it only for the limited purpose
of demonstrating sobriety.  See Arana v. State, 1 S.W.3d 824, 829 (Tex.
App.CHouston [14th
Dist.] 1999, pet. ref=d).  If appellant had properly presented
the issue to the trial court, he would have been entitled to the instruction.[1] 
See id.; Sutterfield v. State, No. 05-93-01822-CR, 1995 WL
387010, at * 3 (Tex. App.CDallas June 28, 1995, pet. ref=d) (not designated
for publication) (determining it was error not to give jury limiting
instruction that it could not draw an inference of guilt from appellant=s request for an
attorney).  Without a request for a limiting instruction, the evidence below
was admitted as general evidence, properly considered for all purposes, and the
trial court was correct in denying the request for an instruction.  See
Arana, 1 S.W.3d at 829.

Conclusion

Having overruled appellant=s issue, we affirm
the judgment of the trial court.

 

 

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 14, 2006.

Panel consists of
Justices Hudson, Fowler, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

_









[1]  Generally, to preserve error for specially requested
jury instructions, the party need only object or present a requested charge.  Tex. Code Crim. Proc. Art. 37.15; Arana
v. State, 1 S.W.3d 824, 826 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  However,
as we explain, when evidence is admitted for all purposes without objection or
request for limiting instruction at the earliest possible time, the issue is
waived.