IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00168-CR

 

Jason Elijah Campbell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 85th District Court

Brazos County, Texas

Trial Court No. 06-05519-CRF-85

 



MEMORANDUM  Opinion



 








            A jury convicted Jason Elijah Campbell
of aggravated assault with a deadly weapon.  The court assessed his punishment
at twenty years’ imprisonment and a $5,000 fine.  Campbell contends in four
issues that: (1) he received ineffective assistance of counsel; (2) the court
abused its discretion by admitting extraneous-offense evidence; (3) the
evidence is legally insufficient to uphold the conviction; and (4) the court
abused its discretion by failing to give a contemporaneous limiting instruction
when extraneous-offense evidence was admitted.  We will affirm.

Legal Sufficiency

            Campbell contends in his third issue
that the evidence is legally insufficient to uphold his conviction.[1] 
 Campbell does not challenge particular elements of the offense, complaining
instead that the offense did not happen.

             In reviewing a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v. State, 121 S.W.3d
748, 753-54 (Tex. Crim. App. 2003); Witt v. State, 237 S.W.3d 394,
396-97 (Tex. App.—Waco  2007, pet. ref’d).

            Campbell was indicted for threatening
the complainant Stasha Turner “with imminent bodily injury by holding a knife
and threatening to kill [her].”  Thus, he was charged with violation of
sections 22.01(a)(2) and 22.02(a)(2) of the Penal Code.  Section 22.01(a)(2)
provides in pertinent part that a person commits an assault if he “intentionally
or knowingly threatens another with imminent bodily injury.”  Tex. Pen. Code Ann. § 22.01(a)(2) (Vernon Supp. 2007).  Section 22.02(a)(2) elevates a simple assault to an aggravated offense
when the person “uses or exhibits a deadly weapon during the commission of the
assault.”  Id. §
22.02(a)(2) (Vernon Supp. 2007).

            Turner testified that Campbell and she
had been married but were separated on the date in question.  Apparently they
were both seeing other people at the time.  After they had an altercation at the
home of Turner’s aunt, Campbell drove her to her own home where he forced his
way into her house.  He looked through her caller ID numbers and started
“acting ugly” and “hollering” at her wanting to know whose numbers they were.  When
she refused to tell him, he became angry and grabbed a knife from the kitchen.

            According to Turner, Campbell
continued “fussing and arguing and stuff.”  He told her he wanted to know who
she was seeing “and he had said the part about what I was doing some mess [sic]
kill the family.”[2]  As
he was “poking [her] stomach” with the knife, he told her to “shut up” and “sit
down.”  Tucker testified more than once that she was afraid and thought he was
going to kill her.

            Viewed in the light most favorable to
the verdict, the evidence is that Campbell stuck a knife in Tucker’s stomach in
the midst of a heated argument and told her that her conduct was the sort that
caused some men to kill their families.  This constitutes legally sufficient
evidence to support the verdict.  See Adams v. State, 222 S.W.3d 37, 51 (Tex.
App.—Austin 2005, pet. ref’d); Tidwell v. State, 187 S.W.3d 771, 775 (Tex. App.—Texarkana 2006, pet. struck); Robertson v. State, 175 S.W.3d 359, 363
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).  Accordingly, we overrule Campbell’s third issue.

 

Ineffective Assistance

            Campbell contends in his first issue
that he received ineffective assistance of counsel and cites seven acts and
omissions to support this contention.[3]

            We begin with a “strong presumption”
that counsel provided reasonably professional assistance, and Smith bears the
burden of overcoming this presumption.  See Andrews v. State, 159 S.W.3d
98, 101 (Tex. Crim. App. 2005).  Generally, the appellate record is
insufficient to satisfy this burden.  Scheanette v. State, 144 S.W.3d
503, 510 (Tex. Crim. App. 2004); Curry v. State, 222 S.W.3d 745, 754 (Tex. App.—Waco 2007, pet. ref’d).  If nothing in the record reveals the reason for the act
or omission which is the basis of an ineffective assistance complaint, we may
not speculate on that reason.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994); Curry, 222 S.W.3d at 754; Hajjar v. State,
176 S.W.3d 554, 567 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d).

            Here, Campbell argued in his motion
for new trial that he received ineffective assistance of counsel because
counsel failed to call a material witness.  Campbell did not present any other
allegations of ineffective assistance in the motion, which the court denied
without an evidentiary hearing.  Thus, we have no record providing his trial
counsel’s rationale for the acts and omissions of which he complains on appeal. 
Without a record elucidating the reasons for trial counsel’s acts and omissions,
 Campbell has failed to overcome the “strong presumption” that counsel
provided reasonably professional assistance.  See Andrews, 159 S.W.3d at
101; Jones v. State, 170 S.W.3d 772, 776-77 (Tex. App.—Waco 2005, pet.
ref’d); Hajjar, 176 S.W.3d at 567.  Accordingly, we overrule Campbell’s first issue.

Extraneous-Offense Evidence

            Campbell contends in his second issue
that the court abused its discretion by admitting extraneous-offense evidence. 
However, Campbell did not raise this complaint in the trial court.  Therefore,
he has not preserved this issue for appellate review.  See Tex. R. App. P. 33.1(a)(1); Berry v. State, 233 S.W.3d 847, 857 (Tex. Crim. App. 2007)
(extraneous-offense complaint not preserved because objection untimely).  Campbell’s second issue is overruled.

Limiting Instruction

            Campbell contends in his third issue
that the court abused its discretion by failing to give a contemporaneous
limiting instruction when extraneous-offense evidence was admitted.  The State
responds that no error is shown because Campbell requested and received such an
instruction.

            Extraneous-offense evidence was
admitted without objection during the State’s case-in-chief.  Campbell did not
request a contemporaneous limiting instruction when this evidence was offered. 
At the beginning of Campbell’s direct testimony, his attorney questioned him
about his prior criminal history and asked the court to give an oral limiting
instruction.  The court instructed the jury that it could not consider evidence
of Campbell’s prior criminal history as evidence of guilt and could only
consider this evidence in passing on the weight to be given his testimony.  The
court included two limiting instructions in the guilt-innocence charge: one
directed toward evidence of uncharged extraneous conduct and the other directed
toward Campbell’s prior criminal history.  The court read the charge (and these
instructions) to the jury as required by law.[4]  See
Tex. Code Crim. Proc. Ann. art.
36.16 (Vernon 2006).

            Rule of Evidence 105(a) provides that,
when evidence which is admissible for only a limited purpose is admitted, “the
court, upon request, shall restrict the evidence to its proper scope and
instruct the jury accordingly; but, in the absence of such request the court's
action in admitting such evidence without limitation shall not be a ground for
complaint on appeal.”  Tex. R. Evid. 105(a).

            Because Campbell did not request a
limiting instruction with regard to the extraneous-offense evidence admitted
during the State’ case-in-chief, he has failed to preserve his complaint
concerning the trial court’s failure to provide a contemporaneous limiting
instruction.  See id.; Garcia v. State, 887 S.W.2d 862, 878-79 (Tex.
Crim. App. 1994); Arana v. State, 1 S.W.3d 824, 829 (Tex. App.—Houston
[14th Dist.] 1999, pet. ref’d).  Accordingly, we overrule Campbell’s fourth
issue.

We affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 2, 2008

Do not publish

[CR25]









[1]
              The specific language of
Campbell’s third “ground of error” is, “The trial court erred when it failed to
grant an instructed verdict of not guilty at the close of the State’s evidence,
as the evidence was factually insufficient to sustain a verdict of guilty.” 
However, the substance of the argument presented in connection with this
complaint is a legal sufficiency challenge.  Therefore, we treat this as a
legal sufficiency complaint.





[2]
              It appears that the court
reporter did not accurately transcribe Turner’s testimony in this regard.  The
reporter’s record reflects that, during the punishment phase, Turner similarly
testified that, while Campbell was holding the knife to her stomach, he told
her that she and women like her were “the reason men kill their whole family.”





[3]
              Specifically, Campbell
complains that trial counsel: (1) failed to make an opening statement in either
phase of the trial; (2) failed to object to extraneous-offense evidence; (3)
failed to request a contemporaneous limiting instruction when
extraneous-offense evidence was admitted; (4) failed to cross-examine the
State’s witnesses about Campbell’s version of the relevant events; (5) opened
the door to the admission of extraneous-offense evidence during the punishment
phase; (6) called a punishment witness who testified that Campbell was selling
drugs out of his home; and (7) failed to object to “an inflammatory highly
prejudicial improper jury argument from [the] State.” 





[4]
              The State refers to the
court’s reading of the charge as a second instance when the court provided an
oral limiting instruction